SUMMARY ORDER
Defendant Dexton Cummings appeals from a judgment entered on February 21, 2008 in the United States District Court for the Eastern District of New York, convicting him, after a jury trial, of conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(D) (“Count 1”), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(l)(A)(i) (“Count 2”), and carrying and possessing a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (“Count 8”). The jury acquitted defendant of a separate count of carrying and possessing a firearm after having previously been convicted of a felony (“Count 4”). The District Court sentenced Cummings principally to a term of 130 months imprisonment. On appeal, defendant makes two arguments: (1) that the District Court erred in its response to two questions submitted by the jury during deliberations; and (2) that the District Court erred in considering acquitted conduct at sentencing. We assume the parties’ familiarity with the factual and procedural history of the case, though we revisit key portions of that history here.
On the first day of jury deliberations, the jury asked the District Judge by written note: “[i]f one person is in possession of a gun and establishes it in a specific location known to both people, could it be considered joint possession?,” and “[i]f two people are involved in a criminal conspiracy, does it matter in terms of possession who carries the gun?” J.A. at 445. After hearing argument from both the government and defense counsel, Judge Cogan determined that he would respond to the jury by rereading portions of the jury charge, including the definitions for possession in the various counts. Defense counsel argued that it would be better to first ascertain which charges the jury had in mind when asking the questions, but Judge Cogan stated that by doing so they would inappropriately be “entering into a colloquy with the jury,” and noted that “the jury is not shy” and would ask additional questions if they found his response to be inadequate. Id. at 447. Judge Co-gan then called the jury back to the courtroom, and stated:
In terms of answering the two notes that we have not yet answered for you, the questions that you put to me, I’ve reached the conclusion that the best way to answer those questions is to reread to you the instructions on the areas that potentially deal with those questions. Obviously, because we’re not having a back and forth dialogue[,] I can’t be sure exactly what you are referring to. So I want to read, you the instructions that should cover everything that you are asking for.
Id. at 481-82. Judge Cogan then read several paragraphs of the original jury instructions, and asked the jury to continue their deliberations. Thereafter, the jury returned with their verdict, convicting defendant of Counts 1, 2, and 3, and acquitting him of Count 4.
Defendant argues that the jury’s questions indicate that “the jurors were confused concerning whether or not the defendant could be convicted of the gun possession charge based upon some theory of conspiratorial liability” and that the *319 District Court erred by not stating that there was no conspiracy charge regarding the gun possession. Appellant’s Br. at 21-22. We note that “[t]he trial judge is in the best position to sense whether the jury is able to proceed properly with its deliberations, and he has considerable discretion in determining how to respond to communications indicating that the jury is experiencing confusion.” United States v. Parker, 903 F.2d 91, 101 (2d Cir.1990). Moreover, “the court has discretion to respond to jury communications, preferably after consultation with counsel, with supplemental instructions designed to remedy the confusion.” Id. at 102. Upon a review of the record, we conclude that the District Judge did not err — much less abuse his discretion — in responding to the jury by rereading the relevant portions of the jury instructions. The District Court was rightly concerned about entering into a colloquy with the jury, and we conclude that the response he gave to the jury was clear and accurately stated the law. Accordingly, we find defendant’s argument to be without merit.
Next, defendant argues that the District Court erred when it considered defendant’s acquitted conduct in Count 4 in determining an appropriate sentence. Specifically, Judge Cogan stated that he had considered the fact that the jury had acquitted defendant on Count 4, but found “by a preponderance of the evidence” that “it is more likely than not that the charged conduct occurred.” J.A. at 495-96. Judge Cogan then determined that the acquitted conduct would not affect defendant’s Guidelines calculation, “because the [Guidelines say that you apply a multiplier for multiple firearms ... but only when there is more than two. We only have two here.” Id. at 508. However, he stated that the acquitted conduct was a factor he would consider in imposing a sentence, pursuant to 18 U.S.C. § 3553(a). Id.
Defendant’s argument that the District Court erred in considering his acquitted conduct at sentencing is directly foreclosed by our previous decision in United States v. Vaughn, 430 F.3d 518, 526 (2d Cir.2005) (“This case ... squarely presents the question whether, after [United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ], a district court may sentence a defendant taking into account acquitted conduct. We hold that it may.”) Accordingly, we conclude that this argument is without merit.

CONCLUSION

We reject all of defendant’s claims on appeal. Accordingly, the judgment of the District Court is AFFIRMED.